# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

UNITED STATES OF AMERICA

v.

GABRIEL L. MILLER

Case No: 8:04-cr-201-T-23MSS
USM No: 42043-018

Date of Previous Judgment: March 17, 2005

Defendant's Attorney: Jacqueline A. Simms-Petredis, AFPD

## Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

The defendant moves pro se (Doc. 143) under 18 U.S.C. § 3582(c)(2) for reduction of a term of imprisonment based on a guideline sentencing range subsequently and retroactively lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). The court appointed counsel, and the parties filed responses to the United States Probation Officer's May 21, 2008, memorandum.

**IT IS ORDERED** that the motion is:

☐ DENIED.

☒ **GRANTED** to the extent that the defendant's previously imposed term of imprisonment **IS REDUCED TO ONE HUNDRED FIFTY-FOUR (154) MONTHS** consisting of seventy (70) months as to Counts One and Four to run concurrently with each other, and eighty-four (84) months as to Count Five to run consecutively to the term imposed for Counts One and Four.

### I. COURT DETERMINATION OF GUIDELINE RANGE (prior to any departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 25 | Amended Offense Level: | 23 |
| Criminal History Category: | IV | Criminal History Category: | IV |
| Previous Guideline Range: | 84 to 105 months | Amended Guideline Range: | 70 to 87 months |
| | + 84 mos. consecutive--Count Five | | + 84 mos. consecutive--Count Five |

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ Other (explain):

### III. ADDITIONAL COMMENTS

In his response (Doc. 157) to the United States Probation Officer's May 21, 2008, memorandum, Gabriel Miller requests a hearing and re-sentencing based on United States v. Booker, 543 U.S. 220 (2005), Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007), and others, arguing that the re-sentencing of a "crack" cocaine defendant in accord with Amendments 706, 711, and 712 to the United States Sentencing Guidelines and in accord with 18 U.S.C. § 3582(c)(2) provides an occasion generally to revisit the original sentence and recast the sentence in accord with Booker. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); United States v. Barclay, 2008 WL 4737423, n.1 (M.D. Fla. 2008); United States v. Atwell, 574 F. Supp.2d 1260 (M.D. Fla. 2008); United States v. Robinson, 2008 WL 2578043 (W.D. Pa. 2008); United States v. Speights, 561 F. Supp.2d 1277 (S.D. Ala. 2008); and United States v. Clarke, 2008 WL 1913899 (M.D. Fla. 2008). Miller's request for a hearing and a plenary re-sentencing is **DENIED**.

A review of the circumstances of this case, including the pre-sentence report and the matters offered by Miller in support of a reduction in sentence under Booker, confirms that the resulting one hundred fifty-four (154) month term of imprisonment under the newly retroactive and reduced "crack" guidelines is a "reasonable sentence" as defined by Booker and effected by application of the factors arrayed at 18 U.S.C. § 3553(a).

Except as provided above, all provisions of the March 17, 2005, judgment remain in effect.

ORDERED in Tampa, Florida, on _November 14th_, 2008.

Effective Date: _____
(if different from order date)

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE